ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 9 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| SOCIAL SMOKE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No.: 4:11-CV-00392-A |
| STARBUZZ TOBACCO, INC., | § | |
| | § | **Honorable John H. McBryde** |
| Defendant. | § | |
| | § | |
| _____ | § | |
| | § | |
| And Related Counterclaims. | § | |
| | § | |
| | § | |
| | § | |

---

## DEFENDANT AND COUNTERCLAIMANT STARBUZZ TOBACCO, INC.'S MOTION TO DISMISS EIGHTH COUNT OF AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

TO THE HON. JOHN H. MCBRYDE, UNITED STATES DISTRICT COURT JUDGE:

COMES NOW the Defendant and Counterclaimant Starbuzz Tobacco, Inc. ("Starbuzz"), and moves this Honorable Court to dismiss the eighth count against it pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure.

### INTRODUCTION

Plaintiff, Social Smoke, Inc., has brought suit against Starbuzz for completely baseless claims of trademark infringement and unfair competition. Following Starbuzz's valid and justifiable exercise of its rights in the counterclaims, Social Smoke amended the complaint in an impermissible attempt to invalidate several of Starbuzz's trademarks that are not truly at issue in

this case. The new eighth count in the amended complaint contains numerous legal and factual deficiencies, and thus fails to establish that Social Smoke actually suffered, or will imminently suffer, any harm.

## PROCEDURAL HISTORY

On June 10, 2011, Social Smoke filed a complaint against Starbuzz for trademark infringement and unfair competition (the "Complaint"). On July 18, 2011, Starbuzz filed its counterclaims for trademark infringement, unfair competition, fraud upon the USPTO, declaratory relief, account stated, and equitable accounting (the "Counterclaims"). On August 2, 2011, Social Smoke filed its answer to the Counterclaims. On August 5, 2011, Social Smoke then filed its first Amended Complaint (the "FAC"), which added a new eighth count seeking invalidation of several of Starbuzz's trademarks that were never before raised in any litigation between the parties, based upon Social Smoke's bare allegation of "interest" in offering flavors that taste like mixed drinks and fruits.

## FACTUAL SUMMARY

### Social Smoke's Eighth Count

Social Smoke's eighth count seeks cancellation of Starbuzz's MAI TAI, SEX ON THE BEACH, COSMOPOLITAN, FUZZY NAVAL, PUMPKIN PIE, GUAVA, SWEET MELON and WHITE PEACH trademarks (the "Disputed Marks"), which are not appropriately at issue in this lawsuit. (FAC ¶¶ 127, 128). The only real and immediate controversy in the eighth count is with regards to Starbuzz's ROYAL GRAPE trademark since Starbuzz believes that Social Smoke is infringing that mark. (Counterclaims ¶ 173). Social Smoke, however, is overreaching as to the Disputed Marks since they are not included in the Counterclaims.

Social Smoke's only basis for claiming relief as to the Disputed Marks is a bare

allegation that it has an "interest" in using flavors that taste like mixed drinks and fruit. (FAC ¶¶ 35, 126). Social Smoke, however, fails to identify any flavors it is actually using that would conflict with the Disputed Marks, and further fails to identify any of the Disputed Marks it actually intends to use.

Social Smoke claims that it is entitled to relief for the eighth count. The allegations supporting the eighth count, however, are insufficient and justify dismissal of the eighth count as to all of the Disputed Marks.

## ARGUMENT

I. **THE EIGHTH COUNT FOR CANCELLATION AND DECLARATORY RELIEF SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE SOCIAL SMOKE LACKS CONSTITUTIONAL STANDING**

### A. The Standard for a 12(b)(1) Motion to Dismiss a Claim for Declaratory Relief.

This Motion to Dismiss should be granted because Social Smoke lacks standing to obtain declaratory relief regarding trademarks that Starbuzz has not placed in dispute.

Rule 12(b)(1) provides for the dismissal of an action where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal for lack of constitutional standing should be granted under Rule 12(b)(1), while a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6). *See Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008). However, the constitutional dimension of standing must be examined before turning to its prudential aspects. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 & n.1 (5th Cir. 2002).

The three requirements of Article III standing are: 1) the plaintiff must allege an injury in fact that is 2) fairly traceable to the defendant's conduct and 3) likely to be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

To assess standing in declaratory judgment suits, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). At a minimum, a dispute 1) must be definite and concrete, touching the legal relations of parties having adverse legal interests, 2) must be real and substantial, and 3) must admit specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Id.*

In the trademark context, in determining if the threat perceived by the plaintiff is real and reasonable, the court focuses upon the position and perceptions of the plaintiff and the acts of the defendant are examined in view of their likely impact on competition and the risks imposed upon the plaintiff. *Young v. Vannerson*, 612 F. Supp. 2d 829, 840 (S.D. Tex. 2009).

**B.**     **Social Smoke Lacks Standing Because It Has Not Actually Used Any Of The Disputed Marks, Or Marks That Conflict With The Disputed Marks.**

Social Smoke seeks declaratory relief on the basis that there is a dispute between Starbuzz and Social Smoke regarding Social Smoke's "interest in introducing new flavored hookah tobacco products that taste like mixed drinks and fruits." (FAC ¶ 126). However, no such controversy exists as to the Disputed Marks since Starbuzz could have alleged in the Counterclaims that Social Smoke infringed the Disputed Marks, but did not.[1]

Additionally, Social Smoke failed to establish any legal interest in the Disputed Marks. The exclusive right to a trademark belongs to one who first uses it in connection with specified goods. *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260, 1265 (5th Cir. 1975). Since

---

[1] Starbuzz strongly believes that Social Smoke's attempt to invalidate Starbuzz's ROYAL GRAPE trademark is without merit. Starbuzz, however, does not contest Social Smoke's standing to assert a claim for invalidity of that trademark. Social Smoke does not have *any* standing to challenge the validity with respect to the Disputed Marks, as explained in this Motion.

Social Smoke failed to allege that it is actually using any of the Disputed Marks, it has not

established any right to those marks.  Social Smoke further fails to state that it is using any

flavors that conflict with the Disputed Marks.  There can be no "adverse legal interests" when

Social Smoke has no legal interest whatsoever.  Therefore Social Smoke has not properly

demonstrated any actual adverse legal interests.  Accordingly, the eighth count of the FAC

should be dismissed as to the Disputed Marks.

> **C.**      **Social Smoke's "Interest" In Using The Disputed Marks Is Mere Conjecture Since It Has No Concrete Plan To Use Any Conflicting Marks.**

Social Smoke's eighth count lacks sufficient immediacy since Social Smoke can only

allege a mere conjectural or hypothetical interest in the Disputed Marks.  Social Smoke merely

states that it has an "interest" in introducing new products that taste like mixed drinks and fruits.

(FAC ¶¶ 35, 126).  However, Social Smoke utterly fails to give any "description of concrete

plans" to use any particular flavors in the future that would conflict with Starbuzz's trademarks.

*Lujan*, 504 U.S. at 592.  Social Smoke has failed to allege any research it has done, any

development it has made, or any other preparation to use potentially conflicting trademarks.

Social Smoke also failed to state any intent to actually begin production and sale of flavors that

would conflict with Starbuzz's trademarks.  Social Smoke failed to even provide minimal details

as to what specific marks it even has an "interest" in using.  Social Smoke's vague allegation that

it has a mere "interest" in using some undetermined mark is not sufficient to meet the standing

requirements.  Therefore Social Smoke has not properly demonstrated standing.  Accordingly,

the eighth count of the FAC should be dismissed as to the Disputed Marks.

DEFENDANT AND COUNTERCLAIMANT STARBUZZ TOBACCO, INC.'S
MOTION TO DISMISS EIGHTH COUNT OF AMENDED COMPLAINT

## CONCLUSION

Based on the foregoing arguments, Defendant and Counterclaimant Starbuzz Tobacco, Inc. respectfully requests that the Honorable Court dismiss the eighth count of the FAC with prejudice as to the Disputed Marks for lack of standing.


Dated:  August 18, 2011

Respectfully Submitted,

Natu J. Patel, (CA SBN 188618)
*(Admitted pro hac vice)*
**THE PATEL LAW FIRM, P.C.**
2532 Dupont Drive
Irvine, California 92612-1524
Office:          949.955.1077
Facsimile:    949.955.1877
NPatel@thepatellawfirm.com

-- and --

Melvin J. Klein, Esq.
Texas State Bar No. 11563500
4313 Avondale Ave.
Dallas, Texas 75219
Phone (214) 394-1817
Mel@MelKlein.com
(Local Counsel for Defendant)

Attorneys for Defendant and
Counterclaimant,
Starbuzz Tobacco, Inc.

DEFENDANT AND COUNTERCLAIMANT STARBUZZ TOBACCO, INC.'S
MOTION TO DISMISS EIGHTH COUNT OF AMENDED COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| SOCIAL SMOKE, INC., | § | Case No.: 4:11-CV-00392-A |
| | § | |
| Plaintiff, | § | **Honorable John H. McBryde** |
| | § | |
| v. | § | |
| | § | |
| STARBUZZ TOBACCO, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| And Related Counterclaims. | § | |
| | § | |

## PROPOSED ORDER

Upon consideration of Defendant and Counterclaimant Starbuzz Tobacco, Inc.'s Motion to Dismiss Eighth Count of Amended Complaint, it is hereby ORDERED that the motion is GRANTED.  The eighth count shall be dismissed with prejudice as to Starbuzz Tobacco, Inc.'s MAI TAI, SEX ON THE BEACH, COSMOPOLITAN, FUZZY NAVAL, PUMPKIN PIE, GUAVA, SWEET MELON and WHITE PEACH trademarks since Plaintiff and Counter-Defendant Social Smoke, Inc. lacks standing to challenge the validity of those trademarks. Social Smoke, Inc. shall file an amended complaint that omits all allegations relating to these trademarks by _____.

Dated this _____ day of _____, 2011.

_____
Honorable John H. McBryde
UNITED STATES DISTRICT JUDGE

DEFENDANT AND COUNTERCLAIMANT STARBUZZ TOBACCO, INC.'S
MOTION TO DISMISS EIGHTH COUNT OF AMENDED COMPLAINT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

SOCIAL SMOKE, INC.,

   Plaintiff,

   v.

STARBUZZ TOBACCO, INC.,

   Defendant.

And Related Counterclaims.

§  Case No.: 4:11-CV-00392-A
§
§  **Honorable John H. McBryde**
§
§
§
§
§
§
§
§
§
§
§

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1(d), I hereby certify that on August 18, 2011, I served

DEFENDANT AND COUNTERCLAIMANT STARBUZZ TOBACCO, INC.'S MOTION TO

DISMISS EIGHTH COUNT OF AMENDED COMPLAINT and PROPOSED ORDER on the

Plaintiff's counsel via U.S. Mail at the following addresses:

Tim D. Haggard, Esq.
Martin J. Sweeney, Esq.
COZEN O'CONNOR
1717 Main Street – Suite 3400
Dallas, TX 75201

Andrew B. Katz, Esq.
BELLES KATZ LLC
721 Dresher Road, Suite 1100
Horsham, PA 19044

_____
Natu J. Patel